IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 24-cv-9155<br>) |
| COPART INC., COPART OF CONNECTICUT, INC., MAYAN ALI, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF QAWAL K. HABASH, DECEASED, AND SALIM MERZA, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, FIREMAN'S FUND INSURANCE COMPANY ("FFIC"), by its attorneys, Michael J. Duffy and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants Copart, Inc., Copart of Connecticut, Inc. (collectively as "Copart"), Mayan Ali, Individually and as Special Administrator of the Estate of Qawal K. Habash, deceased ("Habash"), and Salim Merza ("Merza"), states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201, that FFIC owes no insurance coverage to Copart under the Layered Excess Liability Policy bearing policy number USL002444202 and with effective dates of October 1, 2020 to October 1, 2021 (the "FFIC Policy") with respect to the consolidated lawsuits styled: *Mayan Ali, individually and as Special Administrator of the Estate of Qawal K. Habash, deceased v. LTI Trucking Services, Inc. et al.*,

Case No. 2021-L-12276, pending in the Circuit Court of Cook County, Illinois (the "*Habash* Lawsuit") and *Salim Merza v. LTI Trucking Services, Inc. et al.*, Case No. 22-L-1671, pending in the Circuit Court of Cook County, Illinois (the "*Merza* Lawsuit" and collectively, the "Underlying Actions"). A copy of the FFIC Policy is attached as "**Exhibit A.**"

2. The FFIC Policy stands excess over Copart's self-insured retention in the amount of $350,000, a primary policy issued by National Casualty Insurance with limits of $1 million, and an umbrella policy also issued by National Casualty Insurance with limits of $10 million.

3. The Underlying Actions involve a motor vehicle accident that occurred on March 4, 2021 in Lisle Township, Illinois when a truck collided with a 2011 Ford Expedition, which led to the death of Habash, a passenger in the Expedition, and personal injuries to Merza, the driver of the Expedition.

4. Merza filed an original complaint on December 9, 2021. A copy of the original *Merza* Complaint is attached as "**Exhibit B**." The *Merza* Complaint was amended four times. The First, Second, Third, and Fourth Amended *Merza* Complaints are attached as "**Exhibits C, D, E, and F**", respectively.

5. Habash filed a complaint on February 16, 2022. A copy of the *Habash* Complaint is attached as "**Exhibit G.**" The Habash Complaint was amended three times. The First, Second, and Third Amended *Habash* Complaints are attached as "**Exhibits H, I, and J**", respectively.

6. The *Habash* and *Merza* lawsuits were consolidated on or about May 6, 2022.

## PARTIES

7. FFIC is an Illinois corporation with its principal place of business in Chicago, Illinois.

8. Copart, Inc. is a Delaware corporation with its principal place of business in Texas.

302716658v.1

9. Copart of Connecticut, Inc. is a Connecticut corporation with its principal place of business in Texas.

10. Mayan Ali is an individual and, upon information and belief, has been appointed the Special Administrator for the Estate of Qawal Habash. Mayan Ali is a citizen of Nebraska.

11. Mayan Ali, individually and as Special Administrator for the Estate of Qawal Habash, is named herein only as a nominal defendant because she is a plaintiff in the Underlying Actions. No relief is sought against Mayan Ali.

12. Merza is an individual and a citizen of Nebraska.

13. Merza is named herein only as a nominal defendant because he is a plaintiff in the Underlying Actions. No relief is sought against Merza.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as FFIC's portion of potential liability under the FFIC Policy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the case concerns insurance coverage for a lawsuit pending within the geographical boundaries of this District, the parties conduct business in this District, and FFIC has its principal place of business within this District.

## BACKGROUND

A. *THE UNDERLYING ACTIONS*

16. On March 4, 2021, Habash was driving a 2011 Expedition westbound on I-88 in Lisle Township, Illinois with Merza as a passenger when a truck driven by James Wesley Topps

3

("Topps") came into contact with 2011 Expedition, causing an accident (the "Accident"). *See* Exs. B-J.

17. The 2011 Expedition consequently caught fire and entrapped Habash, causing his death. *See* Exs. B-J.

18. Merza also sustained burns and other bodily injuries. *See* Exs. B-J.

19. In the Underlying Actions, the plaintiffs allege that on or about February 18, 2021, the 2011 Expedition was purchased by Country Preferred Insurance Company and transferred to Copart for sale at auction. Copart allegedly advertised to its member, Frontline Auto LLC ("Frontline"), that the 2011 Expedition's status was "Run and Drive". *See* Exs. B-J.

20. Frontline purchased the 2011 Expedition on March 1, 2021. At some time before March 4, 2021, Frontline arranged to pick up the 2011 Expedition and another vehicle from Copart to transport them from Wheeling, Illinois to Nebraska. *See* Exs. B-J.

21. Merza, solicited the help of Habash to transport the 2011 Expedition. Ultimately, while Merza was driving the 2011 Expedition and Habash was his passenger, the vehicle broke down on I-88 and was struck by a truck driven by Topps. *See* Exs. B-J.

22. In the Underlying Actions, Habash and Merza allege Copart was negligent because, among other things, Copart purportedly represented the 2011 Expedition was in a "run and drive" condition, misrepresented the functionality of the vehicle, permitted Merza to operate the vehicle on the roadway when it was unsafe to do so, permitted the vehicle to be driven in violation of Illinois law, and failed to warn that it was illegal to drive a vehicle with a salvage title on the roadway. *See* Exs. B-J.

**B.    COPART FAILS TO COOPERATE WITH FFIC AND FAILS TO PROVIDE NOTICE OF THE UNDERLYING LAWSUITS UNTIL THE EVE OF TRIAL**

23. The Accident occurred on March 4, 2021.

24. The *Habash* lawsuit commenced on December 9, 2021.

25. Copart appeared in the *Habash* lawsuit on January 6, 2022.

26. The *Merza* lawsuit commenced on February 16, 2022.

27. Copart appeared in the *Merza* lawsuit on April 13, 2022.

28. Copart actively participated in the litigation of the Underlying Actions for approximately three years before providing notice to FFIC.

29. While the Underlying Actions had been pending for almost three years, with Copart's knowledge and active participation, Copart did not provide notice of the Accident or the Underlying Actions to FFIC until September 18, 2024, after a $51 million demand was issued to Copart by Habash, and only thirteen days before the October 1, 2024 trial date.

30. By the time Copart first gave notice of the Underlying Actions to FFIC, Copart had sought to adjourn the trial, but the court denied Copart's request on September 19, 2024, the day after Copart first notified FFIC of the Underlying Actions.

31. By the time Copart first gave notice of the Underlying Actions to FFIC, the Underlying Actions had been substantially litigated, discovery had closed, expert discovery had closed, and deadlines to file a motion for summary judgment had expired.

32. By the time Copart first gave notice of the Underlying Actions to FFIC, Copart had failed to retain and/or disclose any experts or rebuttal experts despite the fact Plaintiffs had specifically retained experts to provide testimony at trial in support of the Plaintiffs' claims against Copart.

33. By the time Copart first gave notice of the Underlying Actions to FFIC, Copart had failed to file a motion for summary judgment and the deadline to do so had expired.

34. By letter dated September 26, 2024, Merza issued a demand to Copart in the amount of $5 million.

35. The $5 million demand from Merza was in addition to the $51 million demand from Habash.

36. Copart knew or should have known that the Accident (and resulting Underlying Actions) may result in a claim under the FFIC Policy for approximately three and a half years before Copart provided notice to FFIC as required for coverage under the FFIC Policy.

37. In failing to provide FFIC with notice of the Accident or the Underlying Actions, Copart deprived FFIC of the ability to fully investigate the claims or meaningfully participate in the defense of the Underlying Actions.

38. By waiting three and a half years and until less than two weeks before trial to notify FFIC of the Underlying Actions, Copart substantially prejudiced FFIC.

C. **POLICY PROVISIONS**

39. The Conditions in the FFIC Policy state, in part:

> F. **DUTIES OF INSUREDS IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT**
>
> *You must see to it that:*
>
> 1. *We are notified as soon as practicable:*
>
>     a. *Of an* **Occurrence** *which may result in a claim under this policy; and*
>     b. *If a claim is made or* **Suit** *is brought against any* **Insured**.
>
> 2. **Insureds**:
>
>     a. *Cooperate with us in the investigation or settlement of any claim, or defense of any* **Insured** *against any* **Suit**;

See Ex. A.

D. **ACTUAL CONTROVERSY**

6

302716658v.1

40. An actual and justiciable controversy exists between FFIC and Copart as to the availability of insurance coverage for Copart under the FFIC Policy with respect to the claims in the Underlying Actions, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## BREACH OF NOTICE CONDITIONS

41. FFIC incorporates and restates the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

42. Condition F.1. in the FFIC Policy requires Copart to notify FFIC of an Occurrence which may result in a claim under the FFIC Policy as soon as practicable.

43. Copart delayed approximately three and a half years before providing notice of the Accident and/or the claims in the Underlying Actions and only provided such notice less than two weeks before trial, after fact and expert discovery had closed and the deadlines to file motions for summary judgment had expired.

44. In waiting almost three and a half years from the date of the Accident and almost three years from the commencement of the Underlying Actions, Copart failed to provide notice to FFIC "as soon as practicable" as required under the FFIC Policy.

45. In failing to provide notice "as soon as practicable," and, further, waiting until the eve of trial to do so, Copart breached the notice conditions in the FFIC Policy.

46. FFIC was substantially prejudiced by Copart's breach of the notice conditions by, among other things, depriving FFIC of the ability to participate in the defense of this matter and to investigate this claim.

7

47. Because Copart breached the notice conditions under the FFIC Policy, and such conditions are conditions precedent to coverage, coverage is barred.

48. Accordingly, FFIC owes no coverage under the FFIC Policy to Copart for the claims in the Underlying Actions.

## COUNT II
## BREACH OF COOPERATION CONDITIONS

49. FFIC incorporates and restates the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

50. Condition F.2. in the FFIC Policy requires Copart to cooperate with FFIC in the investigation or settlement of any claim, or defense of any Insured against any Suit.

51. By waiting approximately three and a half years before notifying FFIC of the accident and the claims in the Underlying Actions, and by depriving FFIC of the opportunity to investigate the claims or participate in the defense of the Underlying Actions, Copart breached the cooperation conditions.

52. Because Copart breached the cooperation conditions under the FFIC Policy, and such conditions are conditions precedent to coverage, coverage is barred.

WHEREFORE, Plaintiff, FFIC, prays this Court enter the following relief:

A. A declaration finding FFIC owes no coverage to Copart for the claims in the Underlying Actions under the FFIC Policy because Copart breached the Policy's Notice condition;

B. A declaration finding FFIC owes no coverage to Copart for the claims in the Underlying Actions under the FFIC Policy because Copart breached the Policy's cooperation conditions and

C. For all such just and equitable relief, including costs of this suit.

302716658v.1

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable herein.

                                                                 Respectfully Submitted,

                                          By: /s/ Michael J. O'Malley
                                                    Attorneys Fireman's Fund Insurance Company

Michael J. Duffy (Michael.Duffy@wilsonelser.com)
Michael J. O'Malley (Michael.OMalley@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)

## **CERTIFICATE OF SERVICE**

     I hereby certify that on September 30, 2024 I caused to be filed electronically filed the foregoing document(s) with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            By: /s/ Michael J. O'Malley
                                                  Attorneys for Fireman's Fund Insurance Company

Michael J. O'Malley – 6308059 - (michael.omalley@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)

302716658v.1